UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHNNY HENDERSON,

Plaintiff,

v.

WILLIAM HYATT, MASON INGRAM, AND CHARLES TINDER,

Defendants.

CAUSE NO. 3:26cv897 DRL-SJF

OPINION AND ORDER

Johnny Henderson, a prisoner without a lawyer, filed an amended complaint about events that occurred on January 7, 2022. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Henderson alleges that he was attacked by inmates on January 7, 2022, when Officer Charles Tinder opened an inmate's cell door after being instructed by other officers not to open it. He further alleges that, while he was being attacked, Officer Mason Ingram didn't intervene to stop the attack, resulting in serious injuries.

It appears Mr. Henderson brought this lawsuit too late. In Indiana, a two-year statute of limitations applies to his claims. *See, e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Mr. Henderson didn't file his claim until more than four years later, on February 17, 2026.

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 F. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate."). Mr. Henderson hasn't pleaded any facts explaining why his amended complaint wasn't filed within two years, and his allegations demonstrate the suit's untimeliness.

Furthermore, Mr. Henderson is suing Officer Tinder because he opened an inmate's cell door after he had been instructed not to do so. The amended complaint, however, does not include facts that suggest this was anything more than negligence. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Mr. Henderson is also suing Officer Ingram because he didn't intervene to stop the assault. Officer Ingram was, according to Mr. Henderson, in the case worker's office during

the attack when he should have been supervising the inmates. Once an offender is under attack, an officer who is aware of the attack cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). Mr. Henderson, however, does not allege facts from which it can be plausibly inferred that Officer Ingram was aware of the attack; he alleges only that he would have been aware of it if he had been following Indiana Department of Correction policy. "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Furthermore, Officer Ingram's failure to be present when the attack occurred amounts to negligence. Thus, it can't be plausibly inferred from the factual allegations in the amended complaint that Officer Ingram was acting with deliberate indifference to Mr. Henderson's safety.

Finally, Mr. Henderson has named Warden William Hyatt as a defendant, but he does not mention him in the body of his amended complaint. A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they

might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Mr. Henderson has not alleged facts plausibly showing Warden William Hyatt was personally involved in the events on January 7, 2022, he has not stated a claim against him.

The amended complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Therefore, in the interests of justice, the court will grant him an opportunity to file a second amended complaint that both states a claim and explains why that claim should not be dismissed as barred by the statute of limitations. To file a second amended complaint, Mr. Henderson needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Johnny Henderson until **November 13, 2026**, to file a second amended complaint; and

(2) CAUTIONS Johnny Henderson that, if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 13, 2026

*s/ Damon R. Leichty*
Judge, United States District Court